IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAHIN S. SHAHIN                    :
                                    :
                                    :
     v.                             :   Civil Action No. DKC 14-1716
                                    :
XEROX CORPORATION, et al.           :
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for review in this debt collections case is a motion to dismiss filed by Defendants SLM Corporation ("SLM"), Navient Solutions, Inc., f/k/a Sallie Mae, Inc. ("Sallie Mae"), and Student Assistance Corporation ("Student Assistance Corp."). (ECF No. 5). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part.

I.   **Background**[1]

Plaintiff Shahin S. Shahin alleges that he suffers from a number of complex medical problems,[2] which have rendered him

---

[1] The following facts are either set forth in Plaintiff's complaint, drawn from documents relied upon or incorporated by reference in the complaint, or are matters of public record of which the court may take judicial notice.

[2] Plaintiff states he suffers from "Status-Post Laminectomy Surgery, Lumbar Spinal Stenosis, Pain Disorder among other[] complex medical problems." (ECF No. 1 ¶ 2).

disabled and have caused him to be unemployed since February 5, 2008. (ECF No. 1 ¶ 2). Plaintiff currently receives Social Security disability payments. (*Id*.). At the time Plaintiff became disabled, he had six outstanding student loans.[3] (ECF No. 1 ¶ 3). Two of Plaintiff's loans were guaranteed by the United States Department of Education, and the remaining four loans were guaranteed by Defendant United Student Aid Funds Inc. ("USA Funds"). (ECF No. 1 ¶ 3 and 1-16). Five of the six loans were discharged due to Plaintiff's "total and permanent disability."[4] (ECF Nos. 1 ¶ 21 and 1-22, at 2-3). At issue in this case is the sixth loan ("the Loan") that was not discharged and is guaranteed by USA Funds.[5] (ECF Nos. 1 ¶ 10 and 1-21).

On May 29, 2014, Plaintiff, proceeding *pro se*, filed this suit against six Defendants: USA Funds, Xerox Corporation ("Xerox"), Affiliated Computer Services ("ACS"), SLM, Sallie

---

[3] Defendants state that Plaintiff actually had a total of 15 student loans. (ECF No. 5-1, at 2). The parties do not discuss the remainder of these loans, however, and the dispute in this case seems to involve only one of the six loans discussed by Plaintiff.

[4] On March 28, 2011, three of Plaintiff's loans that were owned by USA Funds were assigned to the U.S. Department of Education. (ECF No. 1-11). On February 15, 2013, the Department of Education discharged all five of plaintiff's loans that it was assigned. (*Id*.).

[5] The parties agree that the loan in question is identified by the loan account number ending in "2858." (ECF Nos. 1 ¶ 10 and 5-1, at 3).

Mae, and Student Assistance Corp.  In his complaint, Plaintiff alleges that his application requesting that the Loan be discharged was improperly denied.  As a result of this improper denial, he alleges that his credit has been damaged because he was improperly reported to the national credit reporting agencies for defaulting on the Loan.  In addition, Plaintiff alleges that due to Defendants' failure to discharge the Loan, his Social Security disability check was improperly garnished to collect on the Loan, causing him harm.  (ECF No. 1, at 4-5).  Plaintiff has asserted both diversity and federal question jurisdiction and purports to state various claims arising from Defendants' alleged actions and inactions, including:  "fraud, negligence, civil conspiracy, tort, breach of contract, abuse of power, intentional infliction of emotional stress, malicious defamation, injuries malicious fals[e]hood."  (*Id*. at 5).

On July 7, 2014, SLM, Sallie Mae, and Student Assistance Corp. (collectively "Defendants") filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).[6]  (ECF No. 5).  The motion is fully briefed.  (ECF Nos. 33 and 34).  The other Defendants in this case, USA Funds, Xerox, and

---

[6] Also pending before the court is a motion for summary judgment filed by Plaintiff on March 2, 2015.  (ECF No. 35).  Plaintiff's motion for summary judgment is not yet ripe for review as it is not fully briefed.

3

ACS have filed answers, and the pending motion does not pertain to them.  (ECF Nos. 23 and 32).

A brief overview of the relationship between the Defendants and the Loan, and a history of the Loan is in order.  From 2009 until September 2012, Plaintiff's Loan servicer was ACS and the Loan guarantor was USA Funds.  During this time period, Plaintiff contacted Student Assistance Corp. to request deferment of his Loan payments.  (ECF Nos. 1-4; 1-9; and 1-12). Student Assistance Corp. directed Plaintiff to send his Loan deferment paperwork to his Loan "Lender/Servicer," ACS.  (*Id*.). Between 2009 and 2012, Plaintiff received numerous letters from ACS informing him that he was delinquent on his loans, and discussing why his loan deferral or discharge paperwork was inadequate.[7]  (ECF Nos. 1-5; 1-7; 1-10; 1-13; 1-14; and 1-15). Plaintiff attaches documents that show that his application for a discharge of the Loan was denied at least four times by ACS on December 7, 2009 (ECF No. 1-7), July 27, 2010 (ECF No. 1-10), August 9, 2011 (ECF No. 1-14), and June 14, 2012 (ECF No. 1-15). ACS rejected all of Plaintiff's applications due to various alleged defects, including that the application did not include his doctor's signature or the contact information for his Power

---

[7] Not all of this correspondence with ACS involved the Loan at issue, rather, some of it seems to pertain to another loan ending in 0815.  It is not clear from the letters how this account relates to The Loan, if at all.

4

of Attorney.  (ECF Nos. 1 ¶¶ 9-11; 1-10; 1-13; and 1-14). During this time period, Plaintiff received notification from Student Assistance Corp. that his loan for the account ending in 2858 was past due.  (ECF Nos. 1 ¶ 10 and 1-9).  Plaintiff received a final letter from ACS on June 14, 2012, stating:  "We regret that we are unable to process your request."  (ECF No. 1-15).

Several months later, on September 21, 2012, Plaintiff received a letter informing him that his Loan was purchased "as a default claim by the guarantor of the loan(s), USA Funds" and that his new loan servicer was Sallie Mae.  (ECF No. 1-16, at 1).  The letter demanded repayment of $4,354.08, the total balance of his Loan, within 60 days and threatened to pursue debt collections actions if the Loan was not repaid.  (*Id*. at 1-2).  Plaintiff responded to Sallie Mae stating he had attempted several times to file a discharge application with ACS, only to have those attempts rejected.  (ECF Nos. 1 ¶ 16 and 1-17). Plaintiff also stated in the letter that ACS reported him to a credit agency, ruining his credit.  (ECF No. 1-17).  In response, Sallie Mae sent Plaintiff a "Total and Permanent Disability" application with instructions to complete the form and return it.  (ECF No. 1-18).  Plaintiff does not indicate whether he ever submitted a new application to Sallie Mae.

5

On December 9, 2012, Plaintiff sent a letter requesting a judicial review from Sallie Mae, stating that ACS made a mistake in 2009 by not processing his Loan discharge application. (ECF No. 1 ¶ 18). He states in this letter that "Sallie Mae's action or inaction to resolve this issue and [its] sending the account to [a] collection agency [has] added insult to injury." (ECF No. 1-19). On December 20, 2012, Sallie Mae responded to Plaintiff stating, "In regard to the disability form you recently sent our office, please note that the form has been denied. Further information is needed from your physician. . . We have received an outdated form that can not be used to process your Total and Permanent Disability Cancellation Request." (ECF No. 1-20, at 1). In this letter, Sallie Mae enclosed a new form for Plaintiff to fill out. (*Id*. at 2).

On January 1, 2013, Sallie Mae sent another letter to Plaintiff informing him that the guarantor of the loan, USA Funds, had reported the default of Plaintiff's loan to the national consumer reporting agencies. (ECF No. 1-21, at 1). This letter also stated that "USA Funds, and Sallie Mae acting on behalf of USA Funds, may take a number of actions to collect on this obligation, including one or more of the following: [] contacting your employer seeking garnishment of your wages[.]" (*Id.*) More than a year later, on February 26, 2014, the Department of the Treasury, at the apparent request of Sallie

Mae or USA Funds, began garnishing $164.85 from Plaintiff's monthly Social Security disability income. (ECF No. 1 ¶ 22 and 1-22, at 1).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal

allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. Analysis

Plaintiff's complaint essentially contains three main allegations of misconduct by Defendants that have caused him injury: (1) Plaintiff's application for the discharge of the Loan due to his total and permanent disability was improperly denied; (2) due to the improper denial, the Loan was reported to consumer credit reporting agencies, damaging Plaintiff's credit rating; and (3) due to the improper denial, Plaintiff's Social Security disability checks were improperly garnished to satisfy

8

the Loan.  (ECF No. 1, at 4-5).  Plaintiff's complaint names all six Defendants, but does not specify which of the Defendants has allegedly caused him these various injuries.  (ECF No. 1, at 5).

Defendants SLM, Sallie Mae, and Student Assistance Corp. have moved to dismiss Plaintiff's claims as to them, arguing that Plaintiff has not pled facts supporting that they caused him any of these alleged harms.  (ECF No. 5).  In his opposition, Plaintiff argues that Defendants' motion is without merit, and he attaches additional documentation regarding his loans.  (ECF No. 33).

   **A.   Sallie Mae**

Defendants argue that Sallie Mae should be dismissed because Plaintiff's allegations involving Sallie Mae's actions or inactions do not support any of his enumerated claims.  (ECF No. 5, at 7-8).  Specifically, Defendants argue that his allegations do not support that Sallie Mae engaged in fraud, defamation, or breach of contract.  In addition, Defendants argue that Plaintiff has not alleged that Sallie Mae reported him to the credit agencies or garnished his Social Security disability income.

Contrary to Defendants' assertions, Plaintiff has alleged that the garnishment of his wages cuased him harm, and the documentation he submitted with his complaint establishes that Sallie Mae may have been involved with the garnishment of his

9

Social Security disability wages. (ECF Nos. 1-21 and 1-22). USA Funds admitted in its answer that it is the current guarantor of the Loan and that Sallie Mae is the Loan servicer. (ECF No. 32 ¶¶ 17-20). Plaintiff received a letter from Sallie Mae on January 13, 2013, stating that: "USA Funds, and Sallie Mae acting on behalf of USA Funds, may take a number of actions to collect on this obligation, including one or more of the following: [] contacting your employer seeking garnishment of your wages[.]" (ECF No. 1-21). Plaintiff received another letter on February 26, 2014 from the Department of the Treasury informing Plaintiff that part of his Social Security wages had in fact been garnished. (ECF No. 1-22). The February 26, 2014 letter indicates that the "government agency (or agencies) collecting your debt is . . . U.S. Deparmtent of Education, c/o Sallie Mae, Inc." (ECF No. 1-22, at 1). Based on the documentation provided by Plaintiff, it is not clear whether Sallie Mae, as the current Loan servicer, may have been involved in the garnishment of Plaintiff's Social Security disability wages. Accordingly, it is premature at this juncture to dismiss Sallie Mae as a Defendant as it may have caused part of Plaintiff's alleged injuries.

    **B.   Student Assistance Corporation**

Defendants contend that dismissal of Student Assistance Corp. is warranted because Plaintiff's only allegations as to

Student Assistance Corp. are that it sent Plaintiff several letters, none of which are alleged to have harmed Plaintiff in any way.  (ECF No. 5-1, at 8).

From the complaint and subsequent filings, it is not entirely clear what Student Assistance Corp.'s relation is to Plaintiff or to the Loan, but it appears that Student Assistance Corp. is an affiliate of USA Funds or ACS based on the letters it sent to Plaintiff.  Plaintiff alleges that he received a letter from Student Assistance Corp. on June 6, 2009 about deferment of the Loan, and that on May 31, 2010, he "received a letter from [Student Assistance Corp.] informing plaintiff that his loan ending in 2858 was past due."  (ECF No. 1 ¶¶ 5, 10). Plaintiff also submits three letters he received from Student Assistance Corp.  Two of the letters, which were sent to Plaintiff by Student Assistance Corp. in June 2009 and July 2011, indicate that Plaintiff contacted Student Assistance Corp. about requesting deferment of the Loan.  (ECF Nos. 1-4 and 1-12).  The third letter, which was sent in May 2010, states that the Loan is past due and informs Plaintiff that he should complete the attached form to request a deferment of payments. (ECF No. 1-9).  These letters also indicate that, at the time they were sent, the Guarantor of the Loan was USA Funds and the "Lender/Servicer" was ACS.

Plaintiff fails to allege sufficient facts to establish any misconduct by or plausible claims against Student Assistance Corp. Although Plaintiff has alleged that ACS improperly rejected his Loan discharge paperwork prior to the Loan going into default, Plaintiff's allegations and attached letters from Student Assistance Corp. do not establish that it was involved in the rejection of his discharge application. Rather, it appears that Student Assistance Corp. simply directed Plaintiff to send his deferment paperwork to his loan servicer at the time, ACS. In addition, Plaintiff has not alleged that Student Assistance Corp. had any control over the Loan, reported the Loan default to the consumer credit reporting agencies, or garnished his Social Security disability checks. In fact, Plaintiff's last contact with Student Assistance Corp. appears to have been in a letter received on July 13, 2011, more than seventeen months before USA Funds reported the default of the Loan to consumer reporting agencies. Accordingly, all claims against Student Assitance Corp. will be dismissed.

C.  **SLM**

Defendants contend that SLM should be dismissed because Plaintiff's only allegation regarding SLM is that it owns Student Assistance Corp. and Sallie Mae. According to Defendants, Plaintiff has not alleged any facts that would support piercing the corporate veil to hold SLM liaible for the

12

actions or inactions of SLM's subsidiaries, Student Assistance Corp. and Sallie Mae.

The only factual allegation made by Plaintiff against SLM is that "[Student Assistance Corp.] and Sallie Mae are both subsidiaries and owned by SLM Corporation." (ECF No. 1 ¶ 5). In order to hold a parent company liable for the actions of its subsidiaries, the parent must exert "considerable control over the activities of the subsidiary," and a court will also consider "whether significant decisions of the subsidiary must be approved by the parent," whether the entities keep separate books and records, use separate accounting procedures, and hold separate directors' meetings. *Ademiluyi v. PennMac Mortgage Inv. Trust Holdings I, LLC*, 929 F.Supp.2d 502, 518 (D.Md. 2013) (*quoting Newman v. Motorola, Inc.*, 125 F.Supp.2d 717, 723 (D.Md.2000)).

Plaintiff does not make any factual allegations that SLM exerts any control over Sallie Mae or Student Assistance Corp. or that it was involved with his Loan in any manner. Indeed, his only allegation is that SLM owns these entities. Accordingly, SLM will be dismissed.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants SLM, Sallie Mae, and Student Assistance Corp. will be granted in part and denied in part. Plaintiff's claims against SLM and Student Assitance Corp. will be dismissed, but the claims against Sallie Mae will remain. A separate order will follow.

                                                                  /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge