IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

SHAHIN S. SHAHIN

:

v.                              :   Civil Action No. DKC 14-1716

:

XEROX CORPORATION, et al.

:

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shahin Shahin, proceeding *pro se*, filed a complaint against Xerox Corporation, Affiliated Computer Services, SLM Corporation, Sallie Mae, Inc., United Student Aid Funds, Inc., and Student Assistance Corporation on May 29, 2014. (ECF No. 1). The court granted a motion to dismiss by SLM and Student Assistance Corporation on March 16, 2015, leaving the other four defendants, all of whom have now answered. Discovery has not yet commenced.

Plaintiff alleges that he suffers from a number of complex medical problems,[1] which have rendered him disabled and have caused him to be unemployed since February 5, 2008. (ECF No. 1 ¶ 2). Plaintiff currently receives Social Security disability payments. (*Id.*). At the time Plaintiff became disabled, he had six outstanding student loans. (ECF No. 1 ¶ 3). Two of

---

[1] Plaintiff states he suffers from "Status-Post Laminectomy Surgery, Lumbar Spinal Stenosis, Pain Disorder among other[] complex medical problems." (ECF No. 1 ¶ 2).

Plaintiff's loans were guaranteed by the United States
Department of Education, and the remaining four loans were
guaranteed by Defendant United Student Aid Funds Inc. ("USA
Funds"). (ECF No. 1 ¶ 3 and 1-16). Five of the six loans were
discharged due to Plaintiff's "total and permanent disability."
(ECF Nos. 1 ¶ 21 and 1-22, at 2-3). At issue in this case is
the sixth loan ("the Loan") that was not discharged and is
guaranteed by USA Funds.[2] (ECF Nos. 1 ¶ 10 and 1-21).

Plaintiff alleges that his application requesting that the
Loan be discharged was improperly denied. As a result of this
improper denial, he alleges that his credit has been damaged
because he was improperly reported to the national credit
reporting agencies for defaulting on the Loan. In addition,
Plaintiff alleges that due to Defendants' failure to discharge
the Loan, his Social Security disability check was improperly
garnished to collect on the Loan, causing him harm. (ECF No. 1,
at 4-5). Plaintiff has asserted both diversity and federal
question jurisdiction and purports to state various claims
arising from Defendants' alleged actions and inactions,
including: "fraud, negligence, civil conspiracy, tort, breach

---

[2] The parties agree that the loan in question is identified
by the loan account number ending in "2858." (ECF Nos. 1 ¶ 10
and 5-1, at 3).

of contract, abuse of power, intentional infliction of emotional stress, malicious defamation, injuries malicious fals[e]hood." (*Id.* at 5).

Plaintiff filed a motion for summary judgment on February 27, 2015, which will be denied.  (ECF No. 35).  A court may enter summary judgment only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001).  A party asserting that a fact cannot be disputed must support that assertion by citing to material in the record.  Fed.R.Civ.P. 56(c)(1)(A).  Moreover, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, [and] set out facts that would be admissible in evidence[.]"  Fed.R.Civ.P. 56(c)(4).

Plaintiff's attempt to seek summary judgment by reference to documents attached to the complaint, incorporating a motion previously denied, the affidavit of his father, a letter from a bank, and the reply brief concerning the motion to dismiss, is

insufficient.   As noted by Defendants in their opposition, most of this material lacks evidentiary foundation.   (ECF No. 39). More importantly, the material fails to establish that Plaintiff is entitled to judgment as a matter of law, as Plaintiff's submissions do not show how each Defendant is responsible for the purported harms suffered by Plaintiff.

Accordingly, it is this 20th day of July, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for summary judgment filed by Plaintiff Shahin Shahin (ECF No. 35) BE, and the same hereby IS, DENIED; and

2.   The clerk is directed to transmit copies of the Memorandum Opinion and Order directly to Plaintiff and to counsel for Defendants.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

4